UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JESSE WILLIAM QUIGLEY,

    Plaintiff,

v.                                        CASE NO. 3:18-cv-643-J-32MCR

DEPUTY A. BAHNSEN # 7862,
DEPUTY T. GIEBEIG # 7418, and
CLAY COUNTY SHERIFF'S OFFICE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** is before the Court on Plaintiff's Affidavit of Indigency, construed as an Application to Proceed *In Forma Pauperis* ("Application") (Doc. 6). For the reasons stated herein, the undersigned recommends that the application be **DENIED** and the case be **DISMISSED without prejudice**.

A court receiving an application to proceed *in forma pauperis* must dismiss the case *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; M.D. Fla. R. 6.02.

1

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)).  To show entitlement to relief, Plaintiff must include a short and plain statement of facts in support of his claims.  Fed.R.Civ.P. 8(a).  This statement of facts must show the plausibility of Plaintiff's claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction."  Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000. . . .  Absent diversity of citizenship, a plaintiff must present a substantial federal question in order to invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted).  "[E]ven a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous."  *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted).  A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim."  *Id.* at 470-71 (internal quotation marks omitted).

*Pro se* Plaintiff filed his Complaint and Application on June 20, 2018. (Docs. 5, 6.)  On July 5, 2018, the Court entered an Order taking the Application under advisement and directing Plaintiff to file an amended complaint no later than July 27, 2018.  (Doc. 7.)  The Order provided in relevant part:

> Conspicuously absent from the Complaint are any allegations implicating the Clay County Sheriff's Office in the events giving rise to Plaintiff's § 1983 claim.  Even assuming that the Clay County Sheriff's Office is a proper legal entity subject to suit,[2] it cannot be liable for alleged violations of Plaintiff's civil rights solely for employing the two Deputies.  *See Monnell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory").  As such, Plaintiff has failed to state a claim against the Clay County Sheriff's Office.  Therefore, Plaintiff will be given an opportunity to amend his Complaint.  Plaintiff should use this opportunity to clarify his allegations against the remaining

---

[2] The Eleventh Circuit has held that a Sheriff's Department is not a legal entity subject to suit.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

>Defendants and to state the basis for his claim under the Fourteenth Amendment.

(*Id.* at 3-4.)

On July 16, 2018, Plaintiff filed an Amended Complaint. (Doc. 8.) Construing the Amended Complaint liberally,[3] the undersigned finds that it does not cure the deficiencies in the original Complaint. The Amended Complaint still includes the Clay County Sheriff's Office as a party Defendant, despite the Court's warning that a Sheriff's Department is not a legal entity subject to suit. Further, the Amended Complaint does not include any jurisdictional allegations and any specific causes of action. In fact, the Amended Complaint includes less factual details than the original Complaint and simply lists the monetary relief sought against Defendants. As such, the Amended Complaint does not include a short and plain statement of facts to support any claims that Plaintiff may have. Based on the foregoing, this case should be dismissed for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed.R.Civ.P. 12(h)(3).

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Application (**Doc. 6**) be **DENIED** and the case be **DISMISSED**

---

[3] The pleadings of *pro se* litigants, like Plaintiff, must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam).

for failure to state a claim on which relief may be granted and lack of jurisdiction.[4]

2.  The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 3, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Plaintiff

---

[4] The dismissal should be without prejudice.  *See Blankenship*, 551 F. App'x at 471 n.2 (stating that a dismissal of an action for lack of subject matter jurisdiction is an involuntary dismissal and, thus, it is without prejudice) (citing Fed.R.Civ.P. 41(b) (providing that an involuntary dismissal for lack of subject matter jurisdiction does not operate as an adjudication on the merits) and *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984) (explaining that a district court's dismissal of a case for lack of subject matter jurisdiction should be without prejudice)).